PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DANIEL P. HARGROVE, | ) |
|     Plaintiff, | ) CASE NO. 5:19CV423 |
| v. | ) JUDGE BENITA Y. PEARSON |
| MIKE DEWINE, *et al.*, | ) |
|     Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF Nos. 1, 2, 3] |

*Pro se* Plaintiff Daniel P. Hargrove filed this action under 42 U.S.C. § 1983 against Ohio Governor Mike DeWine, Parole Officer Radcliffe, and "Pardons and Paroles, Inc." ECF No. 1 at PageID #: 2. He contends that Defendants used "intellectual property, the trade name," without his permission, then kidnaped him. *Id.* at PageID #: 4. In addition, Plaintiff filed a motion for injunctive relief, requesting that the Court enjoin Defendant Radcliffe from "coming to Plaintiff's property using rude behavior." ECF No. 3 at PageID #: 22.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. ECF No. 2. That Application is granted.

## I. Background

Plaintiff's Statement of Claim is very brief. In its entirety, it states:

> On or about March 3, 2017 the defendants used intellectual
> property without prior permission and kidnaped the plaintiff and
> currently is using intellectual property, the TRADE NAME,
> without permission and is threatening the plaintiff and his family.
> And on January 16, 2019, the plaintiff was kidnaped by the defense
> and held against his will in an apparent retaliation against the

(5:19CV423)

> plaintiff for his prior filings. The defendants gained monetary value off intellectual property and is currently still using said property without providing plaintiff with any of the proceeds required under the US Constitution and the Uniform Commercial Code.

ECF No. 1 at PageID #: 4. In the section of his Complaint providing the basis for jurisdiction, Plaintiff states "8th Amendment's cruel and unusual punishment, 17 US Code Chapter 5, False Imprisonment, and false arrest, 15 USC Chapter 34D, 25 CFR 11.404, Scott v. Sanford, US Supreme Court, 1857, 18 U.S.C. 1201, the kidnaping laws 18 U.S.C. 113, assault claims." *Id.* at PageID #: 3. He seeks $250,000.00 per use for each alleged copyright infringement, $100,000.00 for false imprisonment, and $100,000.00 for "illegal arrest of property." *Id.* at PageID #: 4.

## II. Law and Analysis

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Plaintiff fails to state sufficient facts to state a plausible claim for relief. He contends he was kidnaped on March 3, 2017 and January 16, 2019, which may be construed as a statement that he was arrested on those dates. Plaintiff, however, provides no other information about those incidents, or how any of the defendants were involved. In addition, Plaintiff states that Defendants used intellectual property without his permission. He does not explain this

2

(5:19CV423)

statement, does not identify the intellectual property, and fails to allege how any of the defendants were personally involved.

Plaintiff's motion for injunctive relief is based entirely on his assertion that "[Defendant] Radcliffe has come to petitioner's property at least 5 times since the filing of this case threatening and harassing petitioner and in an attempt to derail plaintiff from filing his case." ECF No. 3 at PageID #: 22. He provides no legal basis for his request. Instead, he lists a number of federal statutes without explaining how any of them entitle him to the relief he seeks. *Id.* Accordingly, Plaintiff's motion is denied.

### III. Conclusion

Plaintiff's Application to Proceed *In Forma Pauperis* is granted. ECF No. 2. However, because Plaintiff has not stated a plausible claim for relief, this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff's Motion for Injunctive Relief is denied. ECF No. 3.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   July 31, 2019                                */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                              United States District Judge